UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ARIEL PROCTOR,**

      **Plaintiff,**                  **Case No.:  8:26-cv-00507**

**v.**

**ORDELL MCCREA-HINDS and
SOUTH SHORE
TRANSPORTATION COMPANY,**

      **Defendants.**

                              /

## <u>DEFENDANT SOUTH SHORE TRANSPORTATION COMPANY'S NOTICE OF REMOVAL</u>

Pursuant to 28 U.S.C. §§1332, 1441, and 1446, Defendant, **SOUTH SHORE TRANSPORTATION COMPANY** ("South Shore"), removes the action styled *Ariel Proctor v. Ordell McCrea-Hinds and South Shore Transportation Company*, (the "State Court Action"), pending in the Twelfth Judicial Circuit in and for Manatee County, Florida (the "State Court"), Case Number:  2025-CA-002800, to the United States District Court for the Middle District of Florida, Tampa Division (this "Court").

As set forth below, removal of the State Court Action is proper because this Court has original subject matter jurisdiction under 28 U.S.C. § 1332(a) since (a) removal is timely; (b) there is complete diversity of citizenship

between Plaintiff and South Shore; and (c) the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

## POSTURE

1. Plaintiff commenced the State Court Action in the State Court on January 22, 2026, against Ordell McCrea-Hinds and Bulk Transport Company East, Inc.. Plaintiff filed an Amended Complaint on January 22, 2026, which substituted Bulk Transport Company East, Inc. for South Shore. The Amended Complaint is attached as Exhibit "1."

2. South Shore filed its Answer and Affirmative Defenses to the Amended Complaint on February 2, 2026. The Answer and Affirmative Defenses is attached as Exhibit "2."

3. The State Court Docket Sheet is attached as Exhibit "3."

4. All remaining State Court Documents are attached as Exhibit "4."

5. The Civil Cover Sheet is attached as Exhibit "5."

## REMOVAL IS TIMELY

6. Removal is timely because it was filed within 30 days after South Shore received Plaintiff's Amended Complaint, from which it was first ascertained that the case is one which is or has become removable.

7. Pursuant to 28 U.S.C. § 1446(d), South Shore will contemporaneously serve this Notice of Removal on Plaintiff and all counsel of record, and file the same with the Clerk of the State Court.

2

8.     As required by 28 U.S.C § 1446(a), all process, pleadings, and orders served in the State Court Action are attached to this Notice of Removal.

## THIS COURT HAS ORIGINAL JURISDICTION

9.     Pursuant to 28 U.S.C. § 1441(b), suits are removable if none "of the parties in interest properly joined and served as defendants is a citizen of the state in which the action is brought." The only other requirement for diversity jurisdiction is that the amount in controversy exceeds $75,000, exclusive of interest and fees.

## The Named Parties are Citizens of Different States.

10.     Here, the record demonstrates complete diversity of citizenship:

(1)     Plaintiff is a citizen of Florida. As she states in her Amended Complaint, Plaintiff "was and is a resident of Manatee County, Florida." Exhibit "1," ¶ 2. Further, South Shore has admitted Plaintiff is a citizen of Florida. Exhibit "2," ¶ 2.

(2)     South Shore has been incorporated in Ohio and has its principal place of business in Ohio. It is a citizen of Ohio. Exhibit "2," ¶ 4.

(3)     Based on present information and belief, Defendant Ordell McCrea-Hinds has not been served as a defendant and has not made an appearance in this action.

3

**The Amount in Controversy Exceeds $75,000.**

11. In Plaintiff's Amended Complaint, Plaintiff seeks damages for personal injuries allegedly sustained in an incident that occurred on January 16, 2024 in Manatee County, Florida. The Amended Complaint alleges that as a result of the subject incident, Plaintiff:

> " . . . suffered bodily injury resulting in past and future medical expenses, past and future pain and suffering, mental pain and anguish, disability, disfigurement, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of a previously existing condition. The losses are either permanent or continuing in nature and Plaintiff, ARIEL PROCTOR, will suffer the loses [sic] in the future."

Pl.'s Am. Compl. ¶ 16.

12. While Plaintiff's Amended Complaint does not identify the specific amount in controversy, South Shore may satisfy the jurisdictional threshold with other evidence. "Where the plaintiff has not plead[ed] a specific amount of damages as [Plaintiff] has not here, the defendant is required to show that[,] by a preponderance of the evidence[,] . . . the amount in controversy can more likely than not be satisfied." *Kirkland v. Midland Mtg. Co.*, 243 F.3d 1277, 1281 n. 5 (11th Cir. 2001); *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1060 (11th Cir. 2010) (permitting the use of "additional evidence" to establish the jurisdictional threshold).

4

13. Here, Plaintiff claims of past medical billing alone total in excess of $75,000.00. Plaintiff, through her counsel, has produced medical records and bills totaling $133,608.04 for treatment Plaintiff alleges to be related to the subject incident. South Shore incorporates the medical records and bills that Plaintiff has previously produced into this Notice of Removal, and upon request of the Court, can provide the records and bills to the Court in a secure manner.

14. This controversy clearly exceeds the jurisdictional threshold.

## **CONCLUSION**

15. For the foregoing reasons, this Court has original jurisdiction, and South Shore has properly removed the State Court Action to this Court.

Dated February 23, 2026                    Respectfully submitted,

*/s/ William G.K. Smoak*

**WILLIAM G.K. SMOAK**
Florida Bar No.: 645028
**CHANCE C. ARIAS**
Florida Bar No.: 92682
**S. CLIFF MARSH**
Florida Bar No.: 1041503
**Alvarez, Thompson & Smoak, P.A.**
320 W. Kennedy Blvd., 4th Floor
Tampa, FL 33606
Phone: (813) 221-1331
bsmoak@atslawyers.com
carias@atslawyers.com
cmarsh@atslawyers.com
*Attorneys for Defendant South Shore Transportation Company*

## CERTIFICATE OF SERVICE

I certify that on February 23, 2026 this document has been furnished by e-mail to: **J. David Atkins, Esq.**, *Kemp Law Group*, 11567 Trinity Boulevard, Trinity, FL 34655, datkins@kemplaw.com, service@kemplaw.com.

*/s/ William G.K. Smoak*

**WILLIAM G.K. SMOAK**

6